## FULBRIGHT GRAZING ASSOCIATION, INC., Appellant,

v.

## L. R. RANDOLPH, Appellee.

### No. 8285.

Court of Civil Appeals of Texas, Texarkana.

June 10, 1975.

Rehearing Denied July 8, 1975.

Pat Beadle, Beadle & Beadle, Clarksville, for appellant.

Leighton Cornett, Cornett, Echols & Biard, Paris, for appellee.

CHADICK, Chief Justice.

This action originated as a suit for injunctive and other relief. A judgment was entered in the trial court unsatisfactory to both L. R. Randolph, plaintiff below, and Fulbright Grazing Association, Inc., one of the defendants below. Both have perfected an appeal.

L. R. Randolph, as plaintiff, filed this action in a District Court of Red River County naming as defendants Fulbright Grazing Association, Inc., Travis King, Eldon Chaloner, Donnie Smith, J. C. Smith, Dickie King, Carl Williams, Mike Williams, and Mrs. R. L. Jones. Randolph plead that he was a member of Fulbright Grazing Association, Inc. and had an interest in its assets. His petition alleged that those named as defendants intended to sell the assets of the grazing association, consisting principally of two thousand two hundred eighty (2,280) acres of land, for approxi-

mately $800,000.00 and had conspired together to secure for themselves all benefits to be derived from a sale of the land and dissolution of the corporate association and to exclude him from such benefits. Randolph's pleadings also requested that the respective interest of each of the parties in the association's assets be ascertained. His formal prayer for relief was that a restraining order issue restraining sale of association land pending a hearing; that temporary injunction issue enjoining a sale or attempt to sell association property during the pendency of the suit; that upon final hearing, defendants be permanently enjoined from selling or attempting to sell the association property; and for cost and expenses, together with such other and further relief that he might show himself entitled.

The association and other named defendants answered with special exceptions, a general denial and plead that Randolph voluntarily withdrew from membership in the association; alleging also, that Randolph was estopped to claim membership because of inequitable actions, omissions and conduct. Prayer was that the trial court dissolve a temporary restraining order theretofore issued and deny temporary injunction; and for such other relief, general and special, at law or in equity, to which they might be justly entitled.

Additionally, it should be recited in clarification of the record that neither Farmers Home Administration, an agency of the United States which is mentioned in the extract from the trial court's judgment hereafter to be quoted, nor anyone purporting to represent such governmental entity, formally or informally, intervened in the suit or was implead as a party.

The relief granted by the trial court at conclusion of the nonjury trial was judgment that plaintiff Randolph was a member of the Fulbright Grazing Association, Inc. for twelve months following incorporation and that he recover ". . . his one-eighth proportionate share of the increase in value of the land owned by the Fulbright Grazing Association, Inc., from the date of its purchase, . . . which amount totals $5,563.00, together with interest . . and all costs of suit, . . .".

"It is further ORDERED that of this recovery, the amount of $4,059.15 is to be paid by plaintiff to the Farmers Home Administration, United States Department of Agriculture, at its Clarksville, Texas office, in order to pay off the balance due and owing on a promissory note executed by plaintiff in 1969." No injunctive relief was granted. The dissimilarity in the relief sought by the written pleadings and the relief granted is apparent.

Appellant Fulbright Grazing Association, Inc. briefed seven points of error, but only points No. 3 and No. 7 are of ultimate concern, they are:

"APPELLANT'S POINT OF ERROR NO. 3: The trial court erred in rendering judgment in favor of L. R. Randolph against Fulbright Grazing Association, Inc., in the amount of $5,563.00 because there is no competent evidence of probative value to support such judgment."

"APPELLANT'S POINT OF ERROR NO. 7: The trial court erred in rendering judgment in favor of L. R. Randolph against the Fulbright Grazing Association, Inc., in the amount of $5,563.00 because there were no pleadings to authorize the rendition of such a judgment."

Appellant Randolph briefed two points of error, but only the first is material, it is:

"FIRST POINT OF ERROR: The trial court ered in finding that appellant Randolph was entitled to a one-eighth proportionate share of the increase in the value of the land owned by the grazing association from the date of its purchase based on a 12% increase in value, which totaled $5,563.00."

The charter is not in evidence but the parties to the appeal agree that Fulbright

Grazing Association, Inc., is a nonprofit corporation organized in 1968 for the purpose of owning land for the pasturage of members' cattle. Such corporations are authorized only by the Texas Non-Profit Corporation Act, Tex.Rev.Civ.Stat.Ann. art. 1396–1.01 et seq. and are governed by the Acts' provisions. Corporations of this character are permitted by Tex.Rev.Civ.Stat. Ann. art. 1644c to borrow money from the United States and its agencies. At the time this litigation was instituted, the Fulbright Grazing Association, Inc. had borrowed slightly more than $410,000.00 from the Farmers Home Administration, an agency of the United States, and was making repayment in periodic installments. Also, at such time the association had contracted to sell its land for $800,450.00.

It is undisputed that appellant Randolph was issued a certificate of membership shortly after the association was formed and that his membership in the association had not been terminated by any express procedure for membersip termination provided by the association's bylaws. The question of membership will be noticed in subsequent discussion but for the purpose of determining the merits of the association points of errors No. 3 and No. 7 and Randolph's first point, it will be assumed that Randolph had been and was a member of the association at all times material to this lawsuit.

Fulbright Grazing Association, Inc., as are all corporations of similar character, was prohibited by law from paying a dividend, or distributing any of its income to members except in payment for services rendered. Article 1396–2.24. The cited statute also provides that upon dissolution and final liquidation an association will make distribution of its assets in accordance with Article 1396–6.01 and 1396–6.02 or other applicable provisions of the Act. There is no pleading or proof that the corporate association was dissolved or in process of dissolution or that sale of association land constituted a de facto dissolution. To the contrary, the record shows the association to be a viable enterprise. Corporate assets are vested in the associations and are subject to its control and disposition. Article 1396–2.02. The association's accumulated assets are corporate property and can become the property of members only in accordance with the law regulating nonprofit corporations, in this instance, only at dissolution and by a plan consistent with the statutes regulating distribution. Under such circumstances, pleading and proof do not support the trial court's judgment awarding Randolph a recovery of a share of the association's assets. The association points No. 3 and No. 7, and Randolph's first point, are sustained.

In argument under other points the association contends that Randolph was not an association member as a matter of law, while Randolph urges a diametrically opposed conclusion, that he is a member as a matter of law. Whether Randolph was a member or not is immaterial because, as previously discussed, a member could have no cause of action to recover an individual interest in the association's assets prior to dissolution of the corporation. Error alleged under other points is also immaterial as, under the established facts, the proper judgment would have been that Randolph take nothing.

Tex. Rules of Civil Procedure 434 requires this court to render the judgment that the trial court should have rendered. Accordingly, the judgment of the trial court is reversed and judgment is rendered that Randolph take nothing by his suit. The costs in the trial court and of this appeal will be taxed equally against Randolph and the corporate association. The posture assumed by the parties in the trial court, as well as on appeal, makes an equal division of the costs equitable.